UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                  )
                                        )
        MORTEZA SHARIF                   )        Case No. 08-11574-SSM
                                        )        Chapter 7
                Debtor                   )
                                        )
MORTEZA SHARIF                           )
                                        )
                Plaintiff                )
                                        )
vs.                                      )        Adversary Proceeding No. 08-1459
                                        )
INDYMAC BANK, *et al.*                   )
                                        )
                Defendants               )

**MEMORANDUM OPINION AND ORDER**

This is an action by a chapter 7 debtor for a determination that the claimed lien of

IndyMac Bank ("IndyMac") against the residence that he and his wife own as tenants by the

entirety is void because his wife did not sign the deed of trust. For its part, IndyMac seeks relief

from the automatic stay in order to bring a state court action to reform the deed of trust or

otherwise establish an equitable lien against the property. The court, on its own motion, raised

the issue of whether this court has subject-matter jurisdiction over the adversary proceeding,

since the property in question has been abandoned by the trustee and is no longer property of the

estate. The court has received briefs from the parties and heard oral argument on December 2,

1

2008.[1]  For the reasons stated, the court determines that it has subject-matter jurisdiction, but only if the debtor's wife is joined as a party plaintiff.

Background

Morteza Sharif ("the debtor") filed a voluntary petition in this court on March 28, 2008, for adjustment of his debts under chapter 13 of the Bankruptcy Code.  At the debtor's request, the case was converted to a chapter 7 case on April 14, 2008, and he received a discharge on July 16, 2008.  After the initially-appointed trustee resigned, Gordon P. Peyton was appointed as trustee.

On his schedules, the debtor reported $2,829,895 in unsecured debts.  Among the assets listed on his schedules is real property located at 726 Gouldman Lane, Great Falls, Virginia, owned by him and his wife, Shiva Sharif, as tenants by the entirety.  The property is valued on the schedules at $1,742,870, and is shown as subject to liens totaling $417,875.  According to the schedules, a first-lien deed of trust against the property is held by Dashco, Inc., in the amount of $360,000, and a second-lien deed of trust by Arthur Maynor in the amount of $195,750.  Somewhat surprisingly, the debtor did not list the Gouldman Lane property on his schedule of property claimed exempt.  IndyMac is listed on the schedules as an *unsecured* creditor in the amount of $1,501,500.

On April 18, 2008, IndyMac filed a motion for relief from the automatic stay in order to enforce a deed of trust against the Gouldman Lane property.  The copies of the note and deed of trust attached to the motion reflect that they were signed only by Morteza Sharif.   Both the

---

[1] The debtor and Dashco argued that this court had subject-matter jurisdiction; IndyMac argued that it did not.

debtor and Dashco filed responses opposing relief from the stay on the ground that IndyMac did

not have a valid lien against the property because the property was held as tenants by the entirety

and Shiva Sharif was not a party to the deed of trust.  On May 28, 2008, IndyMac withdrew the

motion for relief from stay.

On September 17, 2008, Dashco filed its own motion for relief from the automatic stay in

order to foreclose under its deed of trust.  The debtor, in addition to filing a response opposing

the motion, filed on September 30, 2008, a motion to compel the trustee to abandon the property

so that he could refinance it and pay off Dashco's deed of trust.  On October 6, 2008, the trustee

filed a notice of intent to abandon the property, but did not serve it on creditors.  On October 14,

2008, IndyMac filed a new motion for relief from the automatic stay, this time seeking leave

bring a state court action against the debtor and his wife to reform the deed of trust under which

it claims a lien against the Gouldman Lane property.  In addition to filing a response opposing

the motion, the debtor filed on October 21, 2008, the complaint against IndyMac, Dashco, and

Maynor that is presently before the court, seeking a declaratory judgment that IndyMac does not

have a valid lien against the property.  Shiva Sharif is not a party to the complaint.

After the complaint was filed, the Dashco motion for relief from stay was settled by a

consent order terminating the automatic stay but providing that Dashco would forbear from

exercising its right to foreclose conditioned upon the debtor making adequate protection

payments of $2,500 per month until 90 days after a final judgment is entered in this adversary

proceeding.  After the trustee belatedly gave notice to the creditors of his intent to abandon the

property, an order was ultimately entered on November 10, 2008, granting the motion to compel

abandonment.

<u>Discussion</u>

A.

As a preliminary matter, the court observes that IndyMac's motion for relief from the automatic stay to bring a state court action to reform the deed of trust is now moot, since there is no longer an automatic stay in effect, and the discharge injunction would not prohibit making the debtor a defendant to an action to enforce a lien.   The automatic stay that arises upon the filing of a bankruptcy petition prohibits a broad range of creditor activity, including the commencement of litigation against the debtor with respect to a prepetition claim, and the perfection or enforcement of a prepetition lien against property of the debtor or property of the bankruptcy estate.   § 362(a), Bankruptcy Code.  However, the automatic stay terminates with respect to acts against property of the estate when the property is no longer property of the estate. § 362(c)(1), Bankruptcy Code. It terminates with respect to all other acts when the debtor is granted or denied a discharge.   § 362(c)(2)(C), Bankruptcy Code.  In this case, the debtor received a discharge on July 16, 2008, and the Gouldman Lane property ceased to be property of the estate on November 10, 2008, when an order was entered granting the debtor's motion to compel the trustee to abandon the property.  Thus, the automatic stay has terminated as a matter of law.

To be sure, the debtor—having now received a discharge—is protected by the discharge injunction.  § 524(a)(2), Bankruptcy Code.  The discharge injunction, however, is not as broad as the automatic stay.  Although it prohibits any act to collect a discharged debt as a "personal liability" of the debtor, it does not prohibit acts to enforce valid liens against property of the debtor. *See Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66

(1991) (explaining that a discharge extinguishes only the personal liability of the debtor, and that

a creditor's right to foreclose on a mortgage securing the debt survives or passes through the

bankruptcy).  Thus, IndyMac is free, if it wishes, to bring a state court action limited to

reforming the deed of trust, but may not seek a money judgment against the debtor, since his

personal liability on the note has been discharged.[2]

B.

The more difficult question is whether, in light of the abandonment of the property, this

court has subject-matter jurisdiction to adjudicate the validity and priority of the claimed liens

against the property.  Like other federal courts, bankruptcy courts are courts of limited

jurisdiction, and as such,"must be alert to overstepping their limited grants of jurisdiction."

*Poplar Run Five L.P. v. Virginia Electric & Power Co. (In re Poplar Run Five L.P.)*, 192 B.R.

848, 854-55 (Bankr. E.D. Va. 1995).  Under 28 U.S.C. §§ 1334 and 157(a) and the general order

of reference from the United States District Court for the Eastern District of Virginia dated

August 15, 1984, this court has jurisdiction of all bankruptcy "cases" and all "civil proceedings"

that "arise under" the Bankruptcy Code or that "arise in" or are "related to" a bankruptcy case.

A civil proceeding "arises under" the Bankruptcy Code if "federal [bankruptcy] law

creates the cause of action or . . .the plaintiff's right to relief necessarily depends on resolution of

a substantial question of federal [bankruptcy] law." *Poplar Run Five,* 192 B.R. at  854-55.

Proceedings "arising in" a bankruptcy case are those that "are not based on any right expressly

created by [the Bankruptcy Code], but nevertheless would have no existence outside of the

---

[2] A separate order will be entered dismissing the motion for relief from stay as moot, but without
prejudice to IndyMac's right to proceed in state court to enforce its claimed lien in any manner
not inconsistent with the discharge injunction.

5

bankruptcy." *Bergstrom v. Dalkon Shield Claimants Trust (In re A. H. Robins Co., Inc.)*, 86 F.3d

364, 372 (4th Cir. 1996), *cert. denied*, 117 S.Ct. 483, 136 L.Ed.2d. 377 (1996); *see Grausz v.

Englander*, 321 F.3d 467 (4th Cir. 2003) (debtor's malpractice claim against his bankruptcy

attorney for acts committed during the case "arises in" the bankruptcy case).  Finally, the "related

to" category of proceedings is "quite broad and includes proceedings in which the outcome could

have an effect on the estate being administered." *Id., citing Pacor, Inc. v. Higgins*, 743 F.2d 984,

994 (3d Cir. 1984) ("An action is related to bankruptcy if the outcome could alter the debtor's

rights, liabilities, options, or freedoms of action (either positively or negatively) and which in

any way impacts upon the handling and administration of the bankrupt estate.").  Nevertheless,

the "related to" category is not so broad as to encompass litigation of federal or state law claims

that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a

petition in bankruptcy.  *New Horizon of N.Y., LLC v. Jacobs*, 231 F.3d 143 (4th Cir. 2000)

(district court lacked even "related to" jurisdiction over state law claims by entity formed to

purchase debtor's assets in accordance with a confirmed plan against parties who allegedly

interfered with the sale); *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831 (4th Cir.

2007) (bankruptcy court did not have post-confirmation jurisdiction to adjudicate debtor's claims

against lender holding a deed of trust against its property for improperly increasing the monthly

payments prepetition and for tortiously interfering with the debtor's contractual relationship with

its tenant).  *See, also, Poplar Run Five* (dismissing for want of subject-matter jurisdiction a

post-confirmation action to recover a security deposit the debtor had paid to an electric company

during its chapter 11 case).

In this connection, the cause of action that is pleaded in the complaint does not arise under the Bankruptcy Code, since it invokes no rights created by the Code.  Had the action been bought by the trustee in aid of his administration of the property for the benefit of creditors, it would certainly qualify as having "arisen in" the bankruptcy case.  But the trustee has not attempted to administer the property and is not the plaintiff here.  Accordingly, it cannot be said that the dispute over the validity of IndyMac's claimed lien would have no practical existence but for the bankruptcy.  The issue of whether the action is nevertheless "related to" the bankruptcy case is not easy to resolve.  On the one hand, no outcome of this litigation will bring value into the estate for the benefit of creditors.  But the court agrees with the debtor and Dashco that it may nevertheless affect who gets paid by the trustee.  The administration of the case remains opens, and whether IndyMac is a wholly or partially secured creditor may well affect the distribution to which it and other creditors would ultimately be entitled.  Several outcomes are possible: first, that IndyMac is simply unsecured and is not entitled to recognition of a lien against the property; second, that its deed of trust, once reformed, is superior to Dashco's and Maynor's deeds of trust; or third that IndyMac is entitled to a lien, but one that is subordinate to those of Dashco and Maynor.  The first outcome would leave IndyMac as the holder of a very large unsecured claim that would substantially dilute the distribution to other unsecured creditors.  The second would most likely leave Maynor, and possibly also Dashco, as unsecured creditors, although the total of their claims would be less than that of IndyMac.  And the third would likely leave IndyMac with an unsecured claim, but in a substantially reduced amount. Because the outcome of the litigation could therefore have an effect on the distribution to

creditors, the court concludes that the proceeding is sufficiently "related to" the bankruptcy case

within the meaning of 28 U.S.C. § 1334(b), such that this court has subject-matter jurisdiction.[3]

C.

There is, however, one additional issue. The debtor's wife is not a party to this action.

Since the property is owned as tenants by the entirety, and since this action is effectively in the

nature of a quiet title action, the debtor has no independent standing to bring the action.

Certainly, the court cannot adjudicate whether IndyMac's claimed lien attaches or ought to

attach to the wife's interest without her joinder.   Accordingly, before this action can proceed,

the wife must be made a party plaintiff.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1.  Subject to the joinder of the debtor's wife as a party plaintiff, this court determines (a)

that it has subject-matter jurisdiction over the claims raised in the complaint and (b) that this

action is a non-core related proceeding.

2.  An amended complaint shall be filed not later than <u>10 days</u> after the entry of this order

(a) adding the debtor's wife as a party plaintiff and (b) stating whether the plaintiffs consent to

the entry of a final judgment or order by a bankruptcy judge. If an amended complaint is not

---

[3]  In the complaint, the debtor alleges that the present action is a "core" proceeding. The court
does not agree. A proceeding that neither "arises under" the Bankruptcy Code nor "arises in" a
bankruptcy case, but is only "related to" the bankruptcy case is not a core proceeding within the
meaning of 28 U.S.C. § 157(b). Although this court has jurisdiction to conduct the trial in a non-
core proceeding, any final judgment or order must be entered by a district judge unless the
parties consent to its entry by a bankruptcy judge.

timely filed, an order may be entered without further notice or hearing dismissing the complaint

for lack of standing.

  3.  Answers to the amended complaint shall be due not later than <u>10 days</u> after service.

  4.  A scheduling conference under Rule 7016 shall be held on **<u>Monday, January 5,</u>**

**<u>2009, at 9:30 a.m.</u>**  to set a schedule for discovery, dispositive motions, and trial.


Date: _____        _____
                  Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge


Copies to:

Gregory M. Wade, Esquire
Wade, Friedman & Sutter, P.C.
616 N. Washington St.
Alexandria, VA 22314-1991
Counsel for the plaintiff

William H. Casterline, Jr., Esquire
Blankingship & Keith, P.C.
4020 University Drive, #312
Fairfax, VA 22030
Counsel for IndyMac Bank

John Bernard Connor, Esquire
1033 N. Fairfax St., Suite 310
Alexandria, VA 22314
Counsel for defendant Dashco, Inc.

Arthur C.  Maynor
4521 Professional Circle
Virginia Beach, VA 23455-6454
Defendant